[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12030
Non-Argument Calendar

_____

D.C. Docket No. 3:05-cr-00044-RV-CJK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS A. JONES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 23, 2020)

Before MARTIN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Carlos Jones appeals the district court's order determining that he was ineligible for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L.

No. 115-391, 132 Stat. 5194 (2018). The government has filed a motion for summary reversal, joined by Jones, arguing that the district court's decision is wrong in light of our intervening decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020). We agree and, accordingly, reverse and remand for further proceedings.

The relevant background is this. After pleading guilty, Jones was convicted in 2005 of one count of trafficking five grams or more of cocaine base (crack cocaine). *See* 21 U.S.C. § 841(a)(1). With that quantity he was subject to the penalties in 21 U.S.C. § 841(b)(1)(B)(iii). The government filed an information under 21 U.S.C. § 851(a) to establish that he had previously been convicted of three felony drug offenses. As a repeat offender he faced a minimum sentence of ten years of imprisonment and a maximum sentence of life imprisonment.

At sentencing, the district court found Jones responsible for 43.8 grams of crack cocaine and determined that he also qualified as a career offender. Using the career-offender guideline, *see* U.S.S.G. § 4B1.1, the court calculated a guideline range of 262 to 327 months of imprisonment. The court sentenced Jones to 290 months in prison.

In 2020, Jones filed a motion for a sentence reduction under § 404 of the First Step Act. Enacted by Congress in 2018, the First Step Act made retroactive parts of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat 2372 (2010), which reduced the statutory penalties for certain crack-cocaine offenses but did not apply

2

to defendants, like Jones, who were sentenced before the effective date of that act. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). As relevant here, the Fair Sentencing Act provides that a defendant must traffic at least 280 grams of crack cocaine (formerly 50 grams) to trigger the highest penalties, 21 U.S.C. § 841(b)(1)(A)(iii), and 28 grams of crack cocaine (formerly 5 grams) to trigger the intermediate penalties, *id.* § 841(b)(1)(B)(iii). *See* Fair Sentencing Act § 2. Trafficking any amount less than 28 grams of crack cocaine (formerly 5 grams) is punishable under 21 U.S.C. § 841(b)(1)(C). When a defendant applies for relief under the First Step Act, a district court may—but is not required to—impose a reduced sentence as if these reduced penalties were in effect when the defendant committed his offense. *See* First Step Act § 404(b) and (c).

To be eligible for relief under the First Step Act, a defendant must have been sentenced for a "covered offense." *See Jones*, 962 F.3d at 1298. The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." First Step Act § 404(a).

When Jones filed his motion for a sentence reduction, district courts in this Circuit had split on whether eligibility was determined based on the offense as charged or on the "specific quantity of crack cocaine involved in the defendant's violation." *See Jones*, 962 F.3d at 1298–1301. In his counseled motion for a

3

sentence reduction, Jones argued that he was eligible for a reduction because his offense *as charged* triggered the statutory penalties in 21 U.S.C. § 841(b)(1)(B)(iii), which were modified by the Fair Sentencing Act. The government responded in opposition, arguing that he was ineligible because his offense conduct involved more than 28 grams of crack cocaine. So in the government's view, he was still subject to the same statutory penalties.

The district court agreed with the government's position and determined Jones's eligibility based on his actual conduct, specifically its prior finding at sentencing that his offense involved 43.8 grams of crack cocaine. The court wrote that "[t]he record reflects that Jones' offense involved well over 28 grams of cocaine base, and under the 'offense controls' theory (which I continue to believe is correct), his statutory sentence is unchanged." The court did not state what it would do if Jones was eligible for a reduction.

We have since rejected the argument that the district court "must determine a movant's 'covered offense' by considering the specific quantity of crack cocaine involved in the defendant's violation." *Jones*, 962 F.3d at 1301. In *Jones*, which was decided shortly after this appeal was filed, we held that courts should consider only whether the quantity of crack cocaine satisfied the specific drug-quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams,

4

therefore triggering § 841(b)(1)(B)(iii). *Id.* A defendant has a "covered offense" if "the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)." *Id.* So any actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to his eligibility. *Id.* Nevertheless, the court may consider its prior drug-quantity findings in deciding whether and to what extent to grant a sentence reduction. *Id.*

Here, as both parties now agree, it is clear that Jones has a "covered offense" because his offense "triggered the higher penalties in section . . . [841(b)(1)](B)(iii)." *Id.* Jones's offense is now punishable under 21 U.S.C. § 841(b)(1)(C), despite the district court's prior finding that he was responsible for 43.8 grams of crack cocaine. Because the Fair Sentencing Act modified the penalties for Jones's offense, he has a "covered offense" under the First Step Act. *See id.* Accordingly, the district court legally erred in finding that Jones was not eligible for a sentence reduction.

Because there is "no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[1], we **GRANT** the joint motion for summary reversal, **REVERSE** the order denying Jones's motion, and **REMAND** this case for the court to decide, in its discretion, whether

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

and to what extent to grant Jones relief under the First Step Act.  *See Jones*, 962 F.3d

at 1304.